# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 30, 2020

Lyle W. Cayce
Clerk

No. 20-10033

Amber Biziko,

*Plaintiff—Appellee*,

*versus*

Steven Van Horne; Michelle Van Horne; A Habitat for Learning; Loving Individuals Generating Healing Today,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:16-CV-111-C

Before Clement, Ho, and Duncan, *Circuit Judges*.

James C. Ho, *Circuit Judge*:

A jury found Defendants liable for violations of overtime requirements under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201 *et seq.* On appeal, Defendants allege various errors by the district court. But every one of Defendants' allegations of error was either unpreserved in the district court or inadequately briefed here, and therefore forfeited on appeal.

We pause only to address one of those arguments—the claim that Defendants are not an "enterprise engaged in commerce" subject to the

No. 20-10033

overtime requirements of the FLSA. *Id.* § 207(a)(1). In the district court, Defendants stipulated that they are "enterprises" subject to the FLSA—whereas on appeal, they deny that they are. Moreover, Defendants contend that this issue is "jurisdictional." But they do not cite a single case relevant to whether the enterprise element under the FLSA is jurisdictional.

This issue happens to be one of first impression in this circuit. We hold that the provision is not jurisdictional and therefore subject to forfeiture. In doing so, we follow the Supreme Court's decision in *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006), which held that a similar requirement under Title VII is not jurisdictional—as well as the First Circuit's decisions in *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26 (1st Cir. 2007), and *Martinez v. Petrenko*, 792 F.3d 173 (1st Cir. 2015), which reached the same conclusion as to the enterprise element of the FLSA. We accordingly affirm.

## I.

Michelle Van Horne is the executive director at A Habitat for Learning (AHFL), a private, non-profit childcare provider and school. Her husband, Steven Van Horne, is AHFL's founder and currently serves as an administrator there. Steven is also the founder of Loving Individuals Generating Healing Today (LIGHT), a charitable organization that provides services for low-income individuals who are struggling to make ends meet.

Several years ago, Plaintiff Amber Biziko worked as a childcare provider and assistant director at AHFL. But for at least some of her time there, Biziko was apparently paid by both AHFL and LIGHT. According to Steven, this arrangement came about after Biziko asked him about the possibility of working overtime at AHFL. Rather than have AHFL pay Biziko overtime, Steven proposed having LIGHT provide Biziko a stipend, in exchange for Biziko "volunteering" some of her time at AHFL. Biziko went

No. 20-10033

on to perform the same duties for the same hourly rate, whether she was working for AHFL or simply "volunteering" there on behalf of LIGHT.

Biziko later sued the Van Hornes, AHFL, and LIGHT, alleging that they had failed to properly calculate and pay overtime wages as required by the FLSA.  29 U.S.C. § 201 *et seq.*

After a one-day trial, a jury returned a verdict for Biziko.  Defendants now appeal, challenging several district court rulings as well as the final judgment.

## II.

The FLSA generally guarantees overtime pay to "any . . . employee[] who in any workweek . . . is employed in an enterprise engaged in commerce or in the production of goods for commerce."  *Id.* § 207(a)(1).  When we determine that an employer is subject to this provision of the FLSA, we typically state that the plaintiff has satisfied the Act's "enterprise coverage" requirement.  *See*, *e.g.*, *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992).

The Act defines the phrase "enterprise engaged in commerce or in the production of goods for commerce" to include, among other entities, an enterprise that has both (a) "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and (b) an "annual gross volume of sales made or business done" that is "not less than $500,000."  29 U.S.C. § 203(s)(1)(A).

On appeal, Defendants contend that they do not satisfy either of these elements.  But in the district court, they said just the opposite:  In a joint pretrial order filed with the district court, Defendants stipulated that AHFL and LIGHT are "enterprise[s] engaged in commerce"—and specifically, that their employees "handled, sold or otherwise utilized goods and materials and handled equipment that had been moved in or produced for such

commerce" and that they "had an annual gross income of sales made or business done of not less than $500,000.00 for the years covering the basis of this lawsuit."

We agree with Biziko that Defendants cannot "admit and stipulate" to the enterprise element, and then change their position and attempt to deny that element on appeal. Defendants have accordingly forfeited—if not waived—any claim that they are not an enterprise under the FLSA.[1]

For their part, Defendants suggest that the enterprise coverage requirement is jurisdictional. In doing so, they provide no analysis or authority. Nevertheless, federal courts have "an independent duty to examine the basis of [their] jurisdiction." *Feld Motor Sports, Inc. v. Traxxas, L.P.*, 861 F.3d 591, 595 (5th Cir. 2017). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). And it is an issue of first impression in our court whether the enterprise coverage element of the FLSA is jurisdictional, as Defendants suggest.

We find nothing in the text of the FLSA to indicate that the enterprise element is jurisdictional. And the lack of any such indication in the text of the FLSA is dispositive under *Arbaugh*.

---

[1] Forfeiture and waiver are of course distinct concepts. "Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (quotations omitted). *See also Puckett v. United States*, 556 U.S. 129, 138 (2009) (same). But it may be that some of Defendants' arguments—including their enterprise coverage arguments—are not just forfeited, but affirmatively waived. *See SeaQuest Diving, LP v. S&J Diving, Inc.*, 579 F.3d 411, 425–26 (5th Cir. 2009) ("Before the bankruptcy court, S&J *stipulated* that there were no genuine issues of material fact, so this argument is *waived*. Assuming that the argument was *merely forfeited*, we find no plain error.") (emphases added) (citation omitted). Regardless of whether Defendants waived or merely forfeited their arguments, they clearly have no *right* to raise them now.

In *Arbaugh*, the Supreme Court considered whether Title VII's "definition of 'employer' to include only those having 'fifteen or more employees'" was a requirement of "federal-court subject-matter jurisdiction" or "simply an element of a plaintiff's claim for relief." 546 U.S. at 503, 509 (quoting 42 U.S.C. § 2000e(b)). The Court concluded that Title VII's employee requirement is nonjurisdictional. *Id.* at 516. In so doing, the Court noted that the "15-employee threshold appears" in a different section than Title VII's jurisdictional provision and "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." *Id.* at 515 (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982)).

We reach the same conclusion as to the enterprise element of the FLSA. To be sure, the FLSA does not have any single independent jurisdictional provision. But like Title VII's "employer" element, the FLSA's "enterprise" element contains no jurisdictional language, and is likewise found in the Act's definition section. *See*, *e.g.*, *Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d 352, 356 (5th Cir. 2006) ("In light of the Supreme Court's decision in *Arbaugh,* we conclude that the definition section of the [Family and Medical Leave Act], which defines 13 terms used in the statute, including the term 'eligible employee,' is a substantive ingredient of a plaintiff's claim for relief, not a jurisdictional limitation.").

Moreover, this does not appear to be a close call. *Arbaugh* established a "readily administrable bright line" rule: "[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." 546 U.S. at 516. In other words, courts should not treat a statutory provision as jurisdictional unless "the Legislature *clearly* states that a threshold limitation on a statute's scope shall count as jurisdictional." *Id.* at 515 (emphasis added). The Supreme Court has subsequently referred to the interpretive rule in *Arbaugh* as a "clear-statement rule." *See*, *e.g.*, *Hamer v. Neighborhood Hous. Servs. of Chi.*,

138 S. Ct. 13, 20 n.9 (2017) (confirming that the "clear-statement rule" in *Arbaugh* applies in all cases "not involving the timebound transfer of adjudicatory authority from one Article III court to another").

Not surprisingly, then, the only circuit to have addressed this question under the FLSA since *Arbaugh* has likewise concluded that the enterprise element is not jurisdictional. Shortly after *Arbaugh*, the First Circuit held that the annual-sales component of enterprise coverage under the FLSA is non-jurisdictional. *Chao*, 493 F.3d at 33. It later assumed the same for the interstate commerce component. *See Martinez*, 792 F.3d at 175.

We agree. "Given the 'unfair[ness]' and 'waste of judicial resources' entailed in tying the [coverage] requirement to subject-matter jurisdiction, we think it [a] sound[] course to refrain from constricting [28 U.S.C.] § 1331 or [the FLSA], and to leave the ball in Congress' court." *Arbaugh*, 546 U.S. at 515 (citations omitted). We hold that 29 U.S.C. § 203(s)(1)(A) is non-jurisdictional. Defendants therefore forfeited any objection to FLSA enterprise coverage on appeal when they stipulated to it before the district court.

Defendants' remaining arguments are either meritless, forfeited, or both. We accordingly affirm.