# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2021

Lyle W. Cayce
Clerk

No. 20-50482

Richard Koteras,

*Plaintiff—Appellant*,

*versus*

Briggs Equipment, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CV-851

Before Ho, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Richard Koteras brought a claim under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–34, and appeals the district court's grant of summary judgment in favor of his employer, Briggs Equipment. We affirm.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50482

## I.

Briggs Equipment is a dealer of industrial equipment with branches throughout the southern and southeastern United States. Koteras began his tenure at Briggs as a salesman in its San Antonio branch in 1987. Over the next thirty years, he steadily climbed the company ladder, first to Laredo branch manager in 2003, then to San Antonio branch manager in 2005, and finally to San Antonio joint branch and sales manager in 2015.

That same year, Briggs began implementing its "One Briggs" reorganization strategy to unify two components of its business—equipment sales and contractor equipment rentals—that had been operating essentially as distinct divisions. The strategy also included a geographical reorganization. In the early stages of its implementation, Briggs added the Austin branch to Koteras's responsibilities as joint branch and sales manager in San Antonio. Briggs, however, expected its "One Briggs" plan to lead to further personnel and equipment sales growth in these two branches and that they would soon "outgr[ow] the joint branch and sales manager position."

Early in 2016, several employees at the San Antonio branch raised concerns about branch management under Koteras to Briggs's human resources director. These concerns prompted a "360 review" of the San Antonio branch, which included interviews with all twenty-six branch employees. During this evaluation, Koteras received mixed reviews from his colleagues—some commended his management of the branch while others criticized certain aspects of his leadership. Koteras did not receive a raise that spring because of the performance issues unveiled during the employee interviews.

In light of its continuing reorganization, the expected needs of the San Antonio and Austin branches, and the 360 review of the San Antonio branch, Briggs decided to eliminate Koteras's joint branch and sales manager role and

employ separate branch managers and sales managers as it did at its other locations. Briggs determined that Koteras was better suited for sales and gave him the option to continue as the sales manager for the San Antonio and Austin branches at a reduced salary or to separate from the company with a severance package. Koteras, who was sixty years old at the time, accepted the sales manager position. Dane Power, thirty-eight years old, replaced Koteras as branch manager for the San Antonio and Austin branches. Koteras retired four months later at the end of 2016.

Koteras sued Briggs in 2019, alleging violations of the ADEA by "demoting him and forcing his constructive discharge" because of his age. Briggs filed a motion for summary judgment. Applying the *McDonnell Douglas* framework, the district court concluded that a fact issue exists as to Koteras's prima facie case of age discrimination and that Briggs articulated legitimate, non-discriminatory reasons for the demotion. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). The district court granted Briggs's motion for summary judgment on the ground that Koteras failed to create a genuine dispute as to whether Briggs's proffered reasons for the demotion were pretextual. Koteras appealed.

## II.

We review the district court's grant of a motion for summary judgment de novo and apply the same standard as the district court. *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 377 (5th Cir. 2010). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). If the moving party meets its burden of showing that there is no genuine dispute—which it can do by pointing to the "absence of evidence supporting" the non-movant—the non-movant who will have the burden of proof at trial must produce evidence to

establish a genuine issue. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citation omitted). We examine the evidence in the light most favorable to the non-movant. *Id.*

### III.

"Under the ADEA, it is 'unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141 (2000) (ellipsis in original) (quoting 29 U.S.C. § 623(a)(1)). An ADEA plaintiff must show that his age was the but-for cause of his employer's adverse action. *Salazar v. Lubbock Cnty. Hosp. Dist.*, 982 F.3d 386, 389 (5th Cir. 2020) (citation omitted). When, as here, the plaintiff attempts to satisfy this burden with circumstantial evidence, the *McDonnell Douglas* burden-shifting framework applies.[1] *Id.*

Under this framework, the plaintiff must first establish a prima facie case of age discrimination. *Id.* The burden then shifts to the employer to offer a legitimate, non-discriminatory reason for the adverse action. *Id.* The plaintiff must then demonstrate that "*each* reason was a pretext for discrimination." *Id.* at 391 n.2 (emphasis added) (citing *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001)). *See also Wallace*, 271 F.3d at 212 ("The plaintiff must put forward evidence rebutting each of the nondiscriminatory reasons the employer articulates.").

---

[1] Neither party disputes on appeal that the *McDonnell Douglas* framework applies to ADEA claims. We will follow circuit precedent applying the framework to age-discrimination cases, as the Supreme Court has not spoken on this issue. *Salazar*, 982 F.3d at 388 n.1.

No. 20-50482

The parties do not dispute that Koteras established a prima facie case of age discrimination. Briggs has offered two legitimate, non-discriminatory reasons for Koteras's demotion: (1) organizational restructuring resulting in job elimination and (2) Koteras's poor job performance. *See Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 356–57 (5th Cir. 2007) (holding that a departmental reorganization resulting in the elimination of the plaintiff's position was a legitimate, non-discriminatory reason for the adverse employment action); *Little v. Republic Refin. Co., Ltd.*, 924 F.2d 93, 96 (5th Cir. 1991) (holding that the plaintiff's poor job performance was a legitimate, non-discriminatory reason for his termination). Thus, the only question is whether Koteras produced sufficient evidence to create a genuine dispute as to whether each of Briggs's reasons for his demotion were pretexts for age discrimination. We agree with the district court that he did not.

As the district court highlighted, Koteras's response to Briggs's motion for summary judgment "contains no information" as to why the reorganization reason is pretextual. Our review of Koteras's response confirms that he never addressed it. He attempted to demonstrate only that Briggs's poor-performance reason is pretextual. He takes the same approach on appeal. Koteras's opening brief again only challenges one of Briggs's legitimate, non-discriminatory reasons for his demotion—his poor job performance. Because Koteras fails to address Briggs's reorganization reason, he cannot demonstrate that "*each* reason was a pretext for discrimination." *Salazar*, 982 F.3d at 391 n.2 (emphasis added).

No. 20-50482

Koteras also argues in his opening brief that Briggs presented inconsistent reasons for his demotion. But he did not raise this argument before the district court. Therefore, he forfeits the right to raise it now.[2]

Moreover, even if we were to exercise our discretion to address his forfeited argument, it is meritless in any event. For Koteras fails to explain how Briggs's reasons are inconsistent. Indeed, they are entirely consistent: Briggs was reorganizing, the joint position was eliminated—consistent with the structure at other locations—to better fit the needs of the growing San Antonio and Austin branches, and Koteras was offered a position Briggs believed to better match his skills in sales.

In the end, Koteras never addresses Briggs's reorganization reason. In fact, in his reply brief, Koteras insists that there is "no reason to address" it because Briggs did not mention reorganization until the end of the relevant section of its summary-judgment motion. He further contends that Briggs's job-elimination reason—which Briggs at times equates with reorganization and at times lists independently—and the poor-performance reason are one and the same and "cannot be viewed separately." In effect, Koteras argues

---

[2] The failure to make an argument before the district court "constitutes a forfeiture, not a waiver" of that argument on appeal. *United States v. Zuniga*, 860 F.3d 276, 284 n.9 (5th Cir. 2017) (quotation omitted); *see also United States v. Olano*, 507 U.S. 725, 733 (1993) ("Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." (internal quotation marks and citation omitted)). But "[r]egardless of whether [Koteras] waived or merely forfeited [his] arguments, [he] clearly ha[s] no *right* to raise them now." *Biziko v. Van Horne*, 981 F.3d 418, 420 n.1 (5th Cir. 2020). It is up to the discretion of the court whether to consider forfeited arguments. *See, e.g.*, *Singleton v. Wulff*, 428 U.S. 106, 121 (1976) ("The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals . . . . Certainly there are circumstances in which a federal appellate court is justified in resolving an issue not passed on below, as where the proper resolution is beyond any doubt[.]"); *In re HECI Expl., Inc.*, 862 F.2d 513, 519 (5th Cir. 1988) ("[T]he decision whether to entertain an argument not raised in the trial court is within the discretion of the appellate court.").

that Briggs offered three reasons—strategic reorganization, job elimination, and poor performance—the first of which he has no need to address, while the second and third "cannot be viewed separately." As such, he maintains that the job-elimination reason is pretextual because the poor-performance reason is pretextual, and he devotes the remainder of his reply brief to this argument.

But, again, Koteras did not make this argument at the district court or in his opening brief on appeal. Therefore, it too is forfeited. *Conway v. United States*, 647 F.3d 228, 237 n.8 (5th Cir. 2011) ("Arguments raised for the first time in a reply brief are forfeited."). Forfeiture notwithstanding, this argument also lacks merit. Eliminating the joint branch and sales manager position was a result of Briggs's strategic reorganization—the joint position didn't exist at Briggs's other branches, and the San Antonio and Austin branches were "outgr[owing]" the role. This is a single reason, separate and distinct from Koteras's job performance. The district court rightly recognized this distinction—as did Koteras in his opening brief on appeal. Yet he still refuses to address the reorganization reason.

Accordingly, because Koteras fails to address one of Briggs's legitimate, non-discriminatory reasons for his demotion, he fails to create a genuine dispute as to whether that reason was pretextual. He must address each reason. We therefore need not address Briggs's second proffered reason for Koteras's discharge. *See Salazar*, 982 F.3d at 391 n.2.

Affirmed.