# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 17, 2023

Lyle W. Cayce
Clerk

No. 21-51160

Cruz E. Sanchez,

*Plaintiff—Appellant*,

*versus*

Sheriff Mike Griffis; Chief Deputy Mancha;
Captain McNeil; Lieutenant Durham;
Sergeant Galvan; Corporal Garcia; Officer Salgado;
Officer Ibarra,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CV-269

_____

Before Jones, Barksdale, and Elrod, *Circuit Judges*.

Per Curiam:[*]

Appellant Cruz E. Sanchez, proceeding *pro se* on appeal, was injured during an encounter with Officers Benjamin Salgado and Nicholas Ybarra at Ector County Detention Center, where he was a pretrial detainee. He sued

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

several officers, including Officers Salgado and Ybarra, under 42 U.S.C. § 1983. His complaint included claims for excessive force and failure to supervise and also sought criminal prosecution of Officers Salgado and Ybarra. The district court granted summary judgment to the Officers on all federal claims and declined to consider any state law claims Sanchez may have asserted. Sanchez appealed.[1]

This court reviews a district court's grant of a motion for summary judgment *de novo*. *Linbrugger v. Abercia*, 363 F.3d 537, 540 (5th Cir. 2004). The summary judgment evidence in this case includes footage of the incident. Because video evidence is available, the court is required to "view[] the facts in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 381, 127 S. Ct. 1769, 1776 (2007).

Government officials "are entitled to qualified immunity . . . unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." *District of Columbia v. Wesby*, 583 U.S. 48, 62–63, 138 S. Ct. 577, 589 (2018) (internal quotation marks and citation omitted). To prevail on an excessive force claim, a plaintiff must show "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 397, 135 S. Ct. 2466, 2473 (2015). As a pretrial detainee, Sanchez "can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Id.* at 398, 135 S. Ct. at 2473–74. Factors relevant to a determination of reasonableness include the relationship between the need for the use of force and the amount

---

[1] Sanchez has filed several motions in this court, including one to appoint counsel and several seeking production of documents and other evidence. These motions are DENIED.

No. 21-51160

of force used, efforts to temper or to limit force, the threat reasonably perceived by the officer, the extent of the plaintiff's injury, and whether the plaintiff was resisting. *Id.* at 397, 135 S. Ct. at 2473.

Sanchez was classified as a maximum-security inmate due to his extensive criminal history and several infractions (for "erratic, uncooperative, and, in some cases, threatening behavior") he committed before the incident. Because of his erratic and aggressive behavior, Sanchez was required to be handcuffed and shackled whenever he was transported to the medical office to receive treatment for his diabetes. The day of the incident, Sanchez refused to be handcuffed for medical transport. It was only after Sanchez persisted in his refusals, walking briskly toward the medical office with his hands free, that Officer Salgado performed a takedown maneuver. The process of handcuffing Sanchez included Officer Salgado striking Sanchez twice on the side so that he would remove his hands from under his torso. After Officer Salgado, with the help of Officer Ybarra, handcuffed Sanchez and pulled him to his feet, the two Officers again attempted to transport Sanchez to the medical office. As they approached the office, however, Sanchez began pulling away from Officer Ybarra in an apparent attempt to free himself. This resulted in his again being taken to the ground.

Sanchez has failed to raise a fact issue on the reasonableness of force the Officers used to subdue him. His disobedience of orders and his history of erratic and aggressive behavior, including on the day of the incident, indicate that the force was not objectively unreasonable, as the district court concluded. The Officers are therefore entitled to qualified immunity as to Sanchez's excessive force claim.

As to Sanchez's other claims, he certainly does not have a right to have either Officer prosecuted for assault. *Oliver v. Collins*, 914 F.2d 56, 60 (5th

Cir. 1990). And because his underlying claim for excessive force fails, any claims for bystander liability, supervisory liability, municipal liability, or conspiracy also fail. *See Whitley v. Hanna*, 726 F.3d 631, 648–49 (5th Cir. 2013); *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). Nor will Sanchez's First Amendment claim be considered, as it was raised for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Finally, Sanchez forfeited any argument as to dismissal without prejudice of his state law claims by failing to brief it on appeal. *See Biziko v. Van Horne*, 981 F.3d 418, 419 (5th Cir. 2020).

The district court's grant of summary judgment is AFFIRMED.